## McKenna *v.* Citizens, Natural Gas Company, Appellant.

*Negligence—Damages—Personal injuries—Evidence.*

In an action to recover damages for personal injuries, where the plaintiff testifies that he was employed by his wife at a certain salary to take charge of a store, and that a part of his salary remained in the business and a part was used to build a house in which he and his wife lived, and

he is not able to tell the amount due him, the defendant may prove the amount of stock carried in the store, the volume of business done, and the usual compensation paid in the neighborhood for such services as the plaintiff rendered.

In the above case there was no testimony that plaintiff's services were worth more than he was receiving, nor any from which such an inference could be drawn. The court, in speaking of the plaintiff's salary, said that it did not follow as a necessary conclusion that his services were not worth more than the salary, but the fact that he accepted that amount was persuasive, but not conclusive evidence that he considered the salary a fair one. *Held* to be error.

Argued Oct. 24, 1901. Appeal, No. 92, Oct. T., 1901, by defendant, from judgment of C. P. Beaver County, Dec. T., 1897, No. 177, on verdict for plaintiff, in case of Patrick Henry McKenna v. Citizens Natural Gas Company of Beaver County. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Wilson, P. J.

The case was previously reported in 198 Pa. 31.

At the trial when John Ewing, a witness for defendant, was on the stand, the following offer was made:

Counsel for the defendant propose to show by this and other witnesses what was the usual and ordinary compensation for services in and about the neighborhood of New Brighton, such as were rendered by Mr. McKenna at or shortly prior to the accident.

Objected to as incompetent, irrelevant and immaterial.

The Court: The objection is sustained and upon request of counsel a bill of exceptions sealed to the defendant. [1]

Samuel L. Freidiger, a witness for defendant, being on the stand, was asked the following question by defendant's counsel:

" Q. Do you know anything about the stock of goods that was carried by Mrs. McKenna in that store?"

Objected to as immaterial.

" Q. Whether it was a large stock or a small one?"

The objection renewed.

The Court: The only question under consideration is the amount of the sales. That would not give us much informa-

tion; it is the volume of business rather than the amount of stock. The objection is sustained and a bill of exceptions sealed to the defendant. [2]

R. B. Reeves, a witness for defendant, being on the stand, the following offer was made:

Counsel for the defendant propose to show by this witness that he is an experienced man in his business and able to judge of the volume of business; that he was familiar with the stock carried by McKenna and the character of the business done and the volume of business would not be sufficient to allow $1,000 per year for management.

The offer objected to as incompetent, irrelevant and immaterial.

The Court: The objection is sustained, for the reason that the plaintiff testified to an agreement for the payment of a certain sum; and whether the business warranted it or not, would be a question between the parties to the agreement themselves. As the court has indicated, it could only be attacked by showing that the profits of the business did not net that amount. Upon request of counsel a bill of exceptions sealed to the defendant. [3]

The court charged in part as follows:

[We refer to this only for the reason that it is the allegation of the plaintiff, he and his wife living together, she owning the store and he managing it for her, that she was to pay him $1,000 a year to conduct the business, that she desired him several times to take the business and the profits, that he refused to do that, but accepted as a compensation for his services the sum of $1,000 per annum. The court cannot say that this will be your exact guide, and that you should fix that amount as the amount of the earning power of the plaintiff under the law. In determining that question you must take into consideration the circumstances under which the plaintiff was receiving, at this time, this sum of money. It does not follow as a necessary conclusion from this evidence that the services of the plaintiff were worth no more at the time of his injury than $1,000 per year he alleges he was receiving from his wife, but the fact that he accepted $1,000 per annum is persuasive though not conclusive evidence that the price was considered by him a fair one.] [5]

Verdict and judgment for plaintiff for $7,775. Defendant appealed.

*Errors assigned* among others were (1–3) rulings on evidence, quoting the bill of exceptions; (5) above instructions, quoting them.

*W. B. Rodgers*, with him *E. S. Craig, Harry Calhoon* and *E. S. Weyand*, for appellant.

*J. F. Reed*, with him *C. F.* and *E. J. McKenna, John M. Buchanan* and *William A. McConnell*, for appellee.

OPINION BY MR. JUSTICE FELL, January 6, 1902:

The plaintiff was injured by an explosion of natural gas in his dwelling house. On a former trial he was allowed to recover for the permanent loss of earning power without any proof of his earnings before or after the accident. See 198 Pa. 31. On this trial the plaintiff testified that he was employed by his wife to take charge of a grocery and dry goods store which she owned, the arrangement having been made several years before at the request of his wife, who desired him to take the store in his own name, and upon his objecting to this had agreed that he should have a salary of $1,000 a year. His salary was not drawn regularly but as he needed it; a part remained in the business all the time, a part of that drawn was put back when the business required it, and a part was used to build a house in which he and his wife lived, and he was unable to tell what amount was due him at the time of the accident.

The defendant offered to prove the amount of stock carried in the store, the volume of business done, and the usual compensation paid in the neighborhood for such services as the plaintiff rendered. These offers were rejected. The testimony should have been received. The agreement set up belongs to a class readily established by collusion and difficult if not impossible of direct disproof. Evidence that the salary was in excess of that usually paid and not warranted by the business went directly to the credibility of the witness and tended to show, in connection with his own testimony, that the busi-

ness was conducted under a family arrangement for the mutual benefit of the plaintiff and his wife. The burden was on him to show what his earning capacity was, if he sought to recover for its permanent loss; and any testimony by the defendant tending to show that there was no real employment, or that under an arrangement not permanent, he was receiving more than his services were worth, and that therefore his salary was not a test of his earning power was competent.

In the part of the charge assigned as error, it was said in speaking of the plaintiff's salary that it did not follow as a necessary conclusion that his services were not worth more than $1,000, but the fact that he accepted that amount was persuasive but not conclusive evidence that he considered the salary a fair one. Abstractly this is true enough, but as there was no testimony that his services were worth more than he was receiving, nor any from which such an inference could arise, it was a truth out of place. Its tendency was harmful to the defendant, as it was a suggestion calculated to swell the verdict to an amount beyond that established by the proofs in the case.

The first, second, third and sixth assignments of error are sustained and the judgment is reversed with a venire facias de novo.