Messer, Appellant, *v.* Beighley.

552

Argued October 2, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Edwards O. Spotts,* with him *John R. Gavin* and *David C. Suckling,* for appellant.

*Harry A. Heilman, Jr.,* with him *Blair F. Green,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 8, 1963:

The plaintiff fell and was seriously injured while shopping in defendant's grocery market. This action for damages resulted, and after trial the jury awarded the plaintiff the sum of $50,000. The court directed a retrial. The plaintiff appeals.

Plaintiff's medical expenses, incident to the treatment of the injuries complained of, amounted to $597.70. Additionally, he lost wages in the sum of $791.83, or a total of "out of pocket" expenses in the amount of $1389.53. The only other item of recoverable loss submitted to the jury by the trial judge was for pain and suffering, past, present and future. The court did not consider the evidence sufficient to warrant recovery for loss of future impairment of earning power and thus did not instruct the jury to consider this particular item of damage. Therefore, if the jury followed the court's instructions, it is a matter of simple arithmetic that the sum of $48,610.47 was included in the verdict as compensation solely for pain and suffering. A reading of the record readily manifests that this last mentioned amount was excessive if given solely for the reason indicated. The lower court found it to be "shocking" and assigned this as one of the reasons why a new trial was necessary. We cannot now say that this was a clear abuse of discretion. Where the lower court grants a new trial because it considers the amount of the verdict excessive and shocking, our review of this question on appeal is limited to a determination of whether or not the court's action constituted a clear abuse of discretion. See *Ferruzza v. Pittsburgh*, 394 Pa. 70, 145 A. 2d 706 (1958); *Elza v. Chovan*, 396 Pa. 112, 152 A. 2d 238 (1959); *Adams v. Scheib*, 408 Pa. 452, 184 A. 2d 700 (1962). Such an abuse of discretion was not present here.

When the case is retried, care should be taken to clear up certain matters in the record.

The plaintiff, fifty years of age, suffered from a congenital pre-existing defect in the lumbosacral region of the spine. It was charged that the fall involved aggravated this condition. The case was tried upon the theory that the resulting injury was of a permanent nature. However, plaintiff's only medical witness was never specifically asked, nor did he state that the injury was permanent. He referred to the condition as "chronic" with resulting "recurrent" episodes of pain.

Permanent signifies something fixed, enduring, not subject to change. To say that a thing is permanent means that it will continue regardless of a contingency or fortuitous circumstance. There is a distinction between damages that will reasonably result in the future and permanent injuries. Proof of an injury which may cause future trouble is not necessarily a permanent injury. "Chronic" signifies continuing for a long time, deep-seated and obstinate or characterized by slowly progressive symptoms. "Recurrent" means returning from time to time. See, Webster's New International Dictionary (2d Ed. 1961); Black's Law Dictionary (4th Ed. 1951); 25 C.J.S. Damages §31. It should be definitely ascertained if the injury involved is permanent. If a finding of permanent injury is to be sustained, it must be based on something more than mere conjecture or speculation as to what might occur in the future. See, *Anderson v. Baxter,* 285 Pa. 443, 132 A. 358 (1926); *Rice v. Hill,* 315 Pa. 166, 172 A. 289 (1934); *Lorch v. Eglin,* 369 Pa. 314, 85 A. 2d 841 (1952).

Mortality tables to aid the jury in resolving plaintiff's life span were used as evidence in this case. Such tables are competent and relevant in negligence cases only if death or *permanent* impairment of earning power results. If the impairment is only temporary, life tables serve no useful purpose. *Littman v. Bell Telephone Co. of Penna.,* 315 Pa. 370, 172 A. 687 (1934).

It is also noted that no instructions were given by the trial judge that the plaintiff could recover for loss or impairment of future earning power. This was error. It is clear from the evidence that this element of damage should have been submitted for the jury's consideration, be it permanent or merely extending for a period of time in the future. The mere fact that an injured person continues to work at his employment without diminution of wages does not preclude recovery for impairment of earning power, if he is in fact disabled: *Holton v. Gibson*, 402 Pa. 37, 166 A. 2d 4 (1960), and *Laymann v. Doernte*, 405 Pa. 355, 175 A. 2d 530 (1961). However, where such submission is warranted the jury must be carefully and adequately instructed as to how this claim should be resolved and further, properly instructed as to how to capitalize and reduce it to its present worth. See, *Kmiotek v. Anast*, 350 Pa. 593, 39 A. 2d 923 (1944); *Littman v. Bell Telephone Co. of Penna.*, supra; and *James v. Ferguson*, 401 Pa. 92, 162 A. 2d 690 (1960). Herein, as to these important matters, the jury was left completely in the dark.

Since the only trial errors disclosed in the record deal with the question of damages, in fairness, the second trial should be limited to that question. See, *Ferruzza v. Pittsburgh*, supra, and *Romesberg v. Caplan Iron and Steel Co.*, 385 Pa. 36, 122 A. 2d 53 (1956).

Order, as modified, is affirmed.

Mr. Justice MUSMANNO dissents and would enter a judgment upon the verdict.