Robert SMITH

v.

BOWATER STEAMSHIP CO., Ltd.

v.

LUCKENBACH STEAMSHIP COMPANY.

Civ. A. No. 69–618.

United States District Court, E. D. Pennsylvania.

March 2, 1972.

Arnold Levin, Philadelphia, Pa., for plaintiff.

John B. Brumbelow, Philadelphia, Pa., for Bowater Steamship Co., Ltd.

Robert Cox, Philadelphia, Pa., for Luckenbach Steamship Co.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

Plaintiff, a longshoreman, brought this action alleging damages from an injury sustained when he slipped on defendant Bowater Steamship Company's (Bowater) vessel while leaving a winch platform on which he was working as operator for third-party defendant, Luckenbach Steamship Company (Luckenbach). Special interrogatories were submitted to the jury which found liability against Bowater with indemnity over against Luckenbach and no contributory negligence on the part of plaintiff. In accordance with the jury's answers, the court entered judgment in favor of the plaintiff and against Bowater in the amount of $12,000 and against third-party defendant Luckenbach in like amount.

Subsequently, counsel for Bowater withdrew his appearance, counsel for Luckenbach assuming the defense.

Before the court presently is defendant's motion for a new trial solely on the issue of damages. In support of his motion, defendant alleges various errors in the course of trial.

First, error is asserted in the court's instruction on impairment of earning capacity. It is defendant's contention since plaintiff is retired and presented no evidence at trial of intention to return to work on the waterfront or other employment, that he had no future earning capacity to be impaired. This issue was raised in the case of Frankel v. Todd, 393 F.2d 435, 438 (3d Cir. 1968), cert. den. 393 U.S. 855, 89 S. Ct. 137, 21 L.Ed.2d 120 where the court

stated: "It is settled Pennsylvania law that where there is evidence that a plaintiff has suffered disabling permanent injury, it is a jury question as to whether such injury will 'shorten' his 'economic horizon' and thereby result in a future loss of earning power." During the trial of the instant matter, evidence was presented that plaintiff had suffered a partial tear of the medial meniscus of the left knee joint (n. t. 92, 106), and that without surgical intervention there was little possibility of complete recovery (n. t. 95, 96, 107). There was expert testimony that if surgery were performed, it would entail removal of the meniscus (n. t. 108). It was not this court's intention nor was there any language in the charge precluding consideration of plaintiff's inclination, or the lack thereof, to obtain employment as a relevant factor on his future earning capacity. A thorough rereading of the entire charge including the express admonition not to award speculative damages compels the conclusion that the instruction was proper, indeed required.

Defendant next asserts that, even if the instruction on impairment of earning power was proper, it was error not to specify the manner of reducing such impairment to present value. The case of Russell v. City of Wildwood, 428 F.2d 1176 (3d Cir. 1970) is cited for this proposition. The instruction at issue stated:

"In determining this amount (loss of future earning power) you should consider what plaintiff's health, physical ability and earning power were before the accident and what they are now; the nature and extent of his injuries, whether or not they are reasonably certain to be permanent; or if not permanent, the extent of their duration; all to the end of determining, first, the effect, if any, of his injury upon his future earning capacity, and second, the present value of any loss of future earning power, which you find from the evidence in the case that plaintiff is reasonably certain to

suffer in the future, as a proximate result of the injury in question."

In fact, it was plaintiff who objected to the inclusion of the term "present value" in this instruction. (n. t. 335) In the case of Haddigan v. Harkins, 441 F.2d 844, 853 (3d Cir. 1970) it was said:

"The second substantive defect is the complete absence of any actuarial evidence or guidance from which the jury could have made the calculation of present worth required by the damage charge in both the survival action and the wrongful death action. Having presented the life expectancy table and evidence of the weekly value of lost services, and having sought recovery of future earnings less cost of maintenance, plaintiff offered no evidence from which the jury could have made the computation of present worth. 'They were · . . entitled to receive evidence and appropriate mathematical guidance with respect to these matters if they were to act rationally and not upon mere conjecture or guess.' Russell v. City of Wildwood, 428 F.2d 1176, 1183 (3d Cir. 1970). . . . Russell holds that such guidance will be required for juries in federal diversity cases arising under New Jersey substantive law, and we hold that the same guidance shall be required for juries in federal diversity cases arising under Pennsylvania substantive law."

In Russell, evidence was presented contrasting plaintiff's earning potential before the accident with the amount he was able to earn when disabled. From these figures, a net future loss of earnings was demonstrated, a sum specific in amount. In Haddigan, a wrongful death and survival action, evidence was presented establishing the extent of services attributable to decedent as wife and mother. This was followed by expert testimony by an employment agency proprietor demonstrating the economic value of such services and a total weekly figure was arrived at from these figures. In the instant matter, the issue

for the jury's consideration was general impairment of future earning power. While it may have been inaccurate to include the term "present value" in the charge on this type of damage, the evil would have certainly been compounded if standard interest and annuity tables or an actuary's testimony were admitted into evidence in an attempt to achieve a precise mathematical computation. While not favored with mystical insight, nevertheless, it is this court's feeling that mention of the term "present worth" more likely inured to defendant's than plaintiff's benefit.

 Unfortunately, neither defendant included this item in their requests for instructions. At the conclusion of the court's charge, and prior to the jury's deliberation, attorneys for all the parties were afforded an opportunity to point out error or request additional instructions and again, neither defendant took the initiative to do so. In the absence of objection at trial, rule 51 of the Federal Rules of Civil Procedure disallows consideration of a matter on post trial motions. The only exception is the extreme situation where there is fundamental error which is highly prejudicial and failure to rectify it would result in a gross miscarriage of justice. Harkins v. Ford Motor Co., 437 F.2d 276 (3d Cir. 1970); Kolman v. Jacoby, 419 F.2d 395 (3d Cir. 1969). The situation outlined above is not within this exception.

Defendant next argues the absence of an appropriate evidentiary basis to support an instruction on future medical expenses, when it was not shown that plaintiff would undergo future surgery. A review of the record discloses expert testimony that there was a reasonable opportunity for improvement with surgical intervention. (n. t. 107–109) We cannot say as a matter of law that the evidence presented was insufficient. This, as in all elements of damage which are projected into the future, is a question of probability; and that is always for the jury.

Finally, defendant asserts that the verdict was excessive as a matter of law. The test is whether the verdict is so excessive as to shock the conscience or that it is the product of the jury's passion or prejudices. In light of plaintiff's injury, this court is satisfied that the amount of the award is commensurate with the damages and therefore we will not substitute our judgment for that of the jury.

A review of all the credible evidence in this case upholds plaintiff's right to recover in the amount of $12,000.