NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————————

Nos. 13-3159 & 13-3160

—————————————

PETER W. KEIFER; RUTH C. KEIFER,
Husband and Wife; YRC Inc.

v.

REINHART FOODSERVICES, LLC;
REINHART TRANSPORTATION, LLC;
SCOTT MATHENEY;
WERNER ENTERPRISES, INC.,
a/k/a & d/b/a Werner Trucking and JOEL BATHAZAR
(W.D. PA No. 2-09-cv-01187)

SCOTT MATHENEY

v.

JOEL BALTHAZAR and WERNER ENTERPRISES, INC.
t/d/b/a WERNER TRUCKING
(W.D. PA No. 2-09-cv-01558)

> Joel Balthazar
> Werner Enterprises, Inc.,
>    Appellants (13-3159)
>
> Peter W. Keifer, Ruth C. Keifer,
>    Appellants (13-3160)

—————————————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2-09-cv-01187/2-09-cv-01558)
District Judge: Honorable Joy Flowers Conti

—————————————

Before:  McKEE, Chief Judge, AMBRO, and JORDAN, Circuit Judges

(Opinion filed April 16, 2014)

————————

OPINION

————————

AMBRO, Circuit Judge

These consolidated cross-appeals challenge, on the ground of insufficient evidence, the District Court's decision denying in part and granting in part a post-trial motion[1] to reduce damages awarded by a jury.  The District Court denied the motion with respect to loss of future earnings but granted it with respect to future medical expenses.  For the reasons that follow, we affirm in all respects.

**I.**

This appeal stems from a tractor-trailer accident involving three professional drivers of tractor-trailers.  In 2008, co-plaintiff Peter Keifer was involved in an accident with trucks driven by Scott Matheney, an employee of Reinhart Food Service, LLC ("Reinhart"), and Joel Balthazar, an employee of Werner Enterprises, Inc. ("Werner").  Peter suffered substantial injuries as a result of the accident and did not return to work for approximately six months.  In 2009, Peter and his wife Ruth brought this action against Matheney, Reinhart, Balthazar, and Werner.  The Keifers asserted that Peter's injuries

---

[1] While the appellants characterize their post-trial papers as multiple motions, we construe it as one motion invoking multiple provisions of the Federal Rules of Civil Procedure.

2

resulted from the negligent driving of Matheney and Balthazar, and also made claims against Reinhart and Werner premised on vicarious liability and failure to train, monitor, and supervise their drivers.

The case went to a jury trial on all of the claims relevant to this appeal. The jury found in favor of the Keifers, awarding $829,905.95 and $80,000 in damages to Peter and Ruth, respectively.[2] Peter's award included $325,000 in loss of future earnings and $45,000 in future medical expenses.

All four defendants[3] filed post-trial motions arguing that the evidence presented at trial was insufficient to support awards for loss of future earnings and future medical expenses for Peter. In June 2013, the District Court granted in part and denied in part the motions: it upheld the award for loss of future earnings but concluded there was insufficient evidence to support the award for future medical expenses and reduced the verdict accordingly. Balthazar and Werner appealed the District Court decision upholding the award for loss of future earnings. The Keifers cross-appealed for reinstatement of the award for future medical expenses.[4]

---

[2] The jury found that the negligence was evenly divided between Reinhart/Matheney and Balthazar/Werner.

[3] Although all of the defendants filed post-trial motions, Reinhart and Matheney have not appealed. Therefore, this appeal only concerns Balthazar, Werner, and the Keifers.

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The post-trial motion that is the subject of the cross-appeals was made pursuant to Rules 50(b) (Judgment as a Matter of Law), 59(e) (Altering or Amending Judgment), and 60(b) (Relief from a Judgment) of the Federal Rules of Civil Procedure. Each has a slightly different standard of review.

We exercise plenary review over the District Court's decision on a Rule 50(b) motion. *See Eshelman v. Agere Sys. Inc.*, 554 F.3d 426, 433 (3d Cir. 2009). "Although judgment as a matter of law should be granted sparingly, we will grant it where 'the record is critically deficient of the minimum quantum of evidence' in support of the verdict." *Id.* (citation omitted). "The question is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could properly have found its verdict." *Id.* (citation omitted).

Balthazar and Werner also sought judgment notwithstanding the verdict pursuant to Rule 59(e), also called a motion to "alter or amend judgment" or a motion for reconsideration. "The purpose of a [Rule 59(e)] motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks and citation omitted). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted). "We

4

review motions to alter or amend a judgment filed pursuant to Rule 59(e) . . . for abuse of discretion, except over matters of law, which are subject to plenary review." *Addie v. Kjaer*, 737 F.3d 854, 867 (3d Cir. 2013) (internal quotation marks and citation omitted). Thus, if the jury erred as a matter of law in awarding loss of future earnings and/or future medical expenses to Peter, the District Court could have rectified that error through the Rule 59(e) motion and we review that legal determination *de novo*.

The defendants also asserted Rule 60(b) as a basis for their post-trial motions. Relief under Rule 60(b)(6) may be raised only on a showing of extraordinary circumstances. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). We review a District Court's Rule 60(b) determination for abuse of discretion. *Brown v. Philadelphia Housing Auth.*, 350 F.3d 338, 342 (3d Cir. 2003).

The District Court was unclear with respect to the provision on which it relied. But that does not matter, as even under *de novo* review we affirm the District Court's rulings.

### III.

#### A. Appeal of the Loss of Future Earnings

Balthazar and Werner argue that the District Court should have reduced the jury award because there was insufficient evidence to conclude that Peter was entitled to damages for loss of future earnings. "It is settled Pennsylvania law that where there is evidence that a plaintiff has suffered disabling permanent injury, it is a jury question as to whether such injury will 'shorten' his 'economic horizon' and thereby result in a future loss of earning power." *Frankel v. Todd*, 393 F.2d 435, 438 (3d Cir. 1968). Although

5

expert testimony is required to prove the permanency of a plaintiff's injury, *see id.* at 438-39, it is not required to prove loss of earning capacity, *Pratt v. Stein*, 444 A.2d, 674, 696 (Pa. Super. Ct. 1982). There the plaintiff's own testimony may be sufficient. *Gary*, 403 A.2d at 90.

For the amount of earnings lost due to the injury, "[i]f a plaintiff proves that his or her ability to perform the duties of employment has been impaired, a jury can award damages for loss of future earning power even though the loss has not been translated by evidence into a precise monetary figure." *Kearns v. Clark*, 493 A.2d 1358, 1364 (Pa. Super. Ct. 1985); *see also Pratt*, 444 A.2d at 696. It is sufficient for a plaintiff to provide information to enable the jury "'to estimate damages without engaging in speculation.'" *Detterline v. D'Ambrosio's Dodge, Inc.*, 763 A.2d 935, 941 (Pa. Super. Ct. 2000) (quoting *Cohen v. Albert Einstein Med. Ctr.*, 592 A.2d 720, 729 (Pa. Super. Ct. 1991)).

As thoroughly recounted in the District Court's decision, Peter presented evidence sufficient to make his loss of future earnings a question for the jury. Dr. Raymond Drapkin, an orthopedic surgeon, testified that, as a result of the accident, Peter suffered a displaced fracture of his femur, fracture around his knee, and fracture of his right wrist. Dr. Drapkin stated that these injuries would cause permanent residual arthritis that would worsen with age. He also explained that Peter may need surgery in the future.

Peter himself testified at length about how these injuries affected his earning capacity. Although he worked for four years following the accident, he was only able to do the job with pain and difficulty. After the accident, he suffered leg pain during long drives and had to "walk the pain out." (App. at 1338.) He explained that his wrist

6

continued to hurt and that his leg and wrist hurt at the end of every day. Peter claimed that, as time went on, the pain got worse.

Peter also testified that his decision to retire at age sixty-five, four years after the accident and at least five years earlier than he otherwise would have, was motivated in part by his injuries. He stated that his decision to retire early has made his financial situation very difficult. He also introduced evidence that he earned in the "70,000-dollar range" as a truck driver. Thus the five additional years of work he would lose totals $350,000. This was slightly more than the $325,000 jury award for loss of future earnings. Based on the testimony of Dr. Drapkin and Peter, the jury had a reasonable basis for this award.

Werner and Balthazar argue that expert testimony was required to demonstrate that Peter's loss of earning capacity was caused by his injuries. However, that is not what Pennsylvania law requires. *See Gary*, 403 A.2d at 90. Moreover, Dr. Drapkin provided expert testimony about Peter's permanent worsening arthritis. Based on Peter's corresponding testimony of his ongoing leg and wrist pain, a reasonable jury could certainly conclude that his decision to retire early was caused by his injuries and could reach an estimation of damages accordingly.

Werner and Balthazar also argue that, because Peter returned to work, his injuries were not permanently disabling. But a claim for loss of future earnings is not extinguished by a plaintiff's return to work. *See Messer,* 187 A.2d at 170. Here there was evidence through which a jury could reasonably conclude that, despite Peter's return

7

to work, he never fully recovered, the accident took its toll on his ability to remain at work, and this led to his early retirement. We thus affirm.

### B. Cross-Appeal re Future Medical Expenses

The Keifers have cross-appealed and argue that the District Court was incorrect to reduce their award for future medical expenses. They claim that there was sufficient evidence for a jury to find that Peter was entitled to $45,000 on this claim.

"In the context of a claim for future medical expenses, the movant must prove, by expert testimony, not only that future medical expenses will be incurred, but also the reasonable estimated cost of such services." *Mendralla v. Weaver Corp.*, 703 A.2d 480, 485 (Pa. Super. Ct. 1997) (citations omitted). "Because the estimated cost of future medical services is not within the layperson's general knowledge, the requirement of such testimony eliminates the prospect that the jury's award will be speculative." *Id.* (citation omitted). The District Court correctly determined that the jury's award could only be based on speculation.

The Keifers argue that, because they introduced evidence of Peter's past medical expenses, they were not required to produce expert testimony with respect to the cost of future medical care. However, as the District Court explained, this argument mistakes the exception for the rule. Although expert testimony is typically required as to future medical expenses, there is an exception: when there is a reasonable basis for the jury to conclude that the medical care rendered in the past is the same as the medical care that will be required in the future, the plaintiff can introduce past medical bills in lieu of expert testimony about future costs. *See Rogers v. Phila. & Reading Ry. Co.*, 106 A. 734,

8

736 (Pa. 1919); *Pratt*, 444 A.2d at 697.  Here, Peter's past medical bills are not reasonably related to the cost of his future medical needs and possible surgery.  Hence, the exception does not apply and the District Court was correct to reduce damages by $45,000.

*   *   *   *   *

We affirm in full the District Court's ruling.[5]

---

[5] Balthazar and Werner have also filed a motion for leave to file a supplemental appendix.  We construe this as a motion to expand the record and deny it as moot.