**MOSAID TECHNOLOGIES INCORPORATED,**
Plaintiff,

v.

**SAMSUNG ELECTRONICS CO., LTD.,** Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, L.P., Defendants.

**No. 01–CV–4340 (WJM).**

United States District Court,
D. New Jersey.

Dec. 7, 2004.

Liza M. Walsh, Connell Foley LLP, Roseland, NJ, Robert C. Kahrl, James L. Wamsley, III, Jones Day, Cleveland, OH, for Plaintiff.

Robert A. White, Morgan, Lewis & Bockius LLP, Princeton, NJ, Richard A. Rothman, David J. Healey, Weil, Gotschal & Manges LLP, New York, NY, for Defendants.

## OPINION

MARTINI, District Judge.

This matter is before the Court on defendants Samsung Electronics Co., et al.'s ("Samsung's") appeal of Magistrate Judge Hedges' July 7, 2004 and September 1, 2004 Orders. Samsung appealed four different sanctions. Previously, this Court affirmed two of the four sanctions: proof of infringement as to representative parts determines infringement for all parts, and Samsung is precluded from challenging MOSAID Technologies Inc.'s ("MOSAID's") expert evidence as to the operation of the representative parts to the extent those challenges rely on any assumptions made as a part of performing simulations or other analyses of representative DRAMs. (October 1, 2004 Op. and Order). The remaining two sanctions—a spoliation inference jury instruction concerning Samsung's destruction of e-mails and monetary sanctions constituting attorneys' fees and costs associated with MOSAID's motion for sanctions and attempts to obtain discovery—will now be addressed.

## BACKGROUND

In addition to the discovery shortcomings discussed in this Court's October 1, 2004 Opinion, Samsung also came up short in its obligation to preserve and produce e-discovery materials. More specifically, after the inception of this litigation in September 2001, Samsung never placed a "litigation hold" or "off switch" on its document retention policy concerning email. Unchecked, Samsung's automatic computer e-mail policy allowed e-mails to be deleted, or at least to become inaccessible, on a rolling basis. As a result, Samsung failed to produce a single technical e-mail in this highly technical patent litigation because none had been preserved.

For Samsung's complete and utter failure to produce e-mails responsive to MOSAID's document requests, MOSAID sought sanctions before Magistrate Judge Hedges. Magistrate Judge Hedges held several hearings concerning the nonpro-

duction of e-mails, as well as Samsung's other discovery deficiencies. During the May 10, 2004 and May 19, 2004 hearings, Magistrate Judge Hedges expressed serious concern for Samsung's lack of a "litigation hold" preventing the destruction of e-mails. On May 24, 2004, Magistrate Judge Hedges issued a *Dunbar* notice,[1] informing Samsung that it faced potential serious, non-monetary sanctions. On July 1, 2004, pursuant to the *Dunbar* notice, he held a hearing during which he stated that he would allow a spoliation inference because of Samsung's actions.

On July 7, 2004, Magistrate Judge Hedges issued his first opinion and order concerning the spoliation inference. After finding Samsung's reasons for failing to produce any technical emails to be unconvincing, he granted MOSAID's request for the spoliation inference. He then directed the parties to submit proposed jury instructions. He also granted MOSAID's request for reasonable attorneys' fees and costs associated with the motion for sanctions and MOSAID's attempts to secure discovery.

On September 1, 2004, Magistrate Judge Hedges issued his second opinion and order concerning the spoliation inference. In this opinion, he discussed the parties' proposed jury instructions and their deficiencies in light of the remedial, punitive and deterrent rationales undergirding spoliation sanctions. Rather than adopt either of the proposed instructions, Magistrate Judge Hedges found that the following instruction was more appropriately tailored to redress Samsung's conduct:

> You have heard that defendants failed to produce virtually all technical and other e-mails in this case. Plaintiff has argued that these e-mails were in defen-

dants' control and would have proven facts relevant to the issues in this case. If you find that defendants could have produced these e-mails, and that the evidence was within their control, and that the e-mails would have been relevant in deciding disputed facts in this case, you are permitted, but not required, to infer that the evidence would have been unfavorable to defendants.

> In deciding whether to draw this inference you may consider whether these e-mails would merely have duplicated other evidence already before you. You may also consider whether you are satisfied that defendants' failure to produce this information was reasonable. Again, any inference you decide to draw should be based on all the facts and circumstances of this case.

(*Mosaid Techs. Inc. v. Samsung Elecs. Co.*, 224 F.R.D. 595, 599 (D.N.J.2004)) (citing *Zubulake v. UBS Warburg LLC*, 2004 WL 1620866, at *15 (S.D.N.Y. July 20, 2004)). Regarding the monetary sanctions, Magistrate Judge Hedges awarded MOSAID a total of $566,839.97 in fees and costs.

Samsung timely appealed those orders. On appeal, Samsung contends that the spoliation inference is an extreme sanction that was wrongly imposed given the facts of this case. According to Samsung, the Magistrate Judge gave short shrift to the following "critical" facts: MOSAID's document requests did not specifically and explicitly state that they sought e-mails and MOSAID never raised the topic of e-mails at any discovery conference prior to the close of fact discovery; MOSAID never complained about Samsung's failure to produce e-mails until after the close of fact discovery; and MOSAID represented to the Court at a January 2003 hearing that it

---

1. *See Dunbar v. Triangle Lumber and Supply Co.*, 816 F.2d 126, 129 (3d Cir.1987).

did not need e-mails. Samsung also contends that the spoliation inference jury instruction chosen by the Magistrate Judge is contrary to established Third Circuit law because it would permit an adverse inference to be drawn for negligent destruction of e-mails. And finally, Samsung maintains that any part of the attorneys' fees and costs awarded for its failure to preserve e-mails should be vacated because there was no need for Samsung to retain any e-mails.

## DISCUSSION

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Zubulake,* 2004 WL 1620866, at *6 (quoting *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir.1999)). Evidence of spoliation may give rise to sanctions. Potential sanctions for spoliation include: dismissal of a claim or granting judgment in favor of a prejudiced party;[2] suppression of evidence;[3] an adverse inference, referred to as the spoliation inference;[4] fines;[5] and attorneys' fees and costs.[6] This Court has the authority to impose spoliation sanctions pursuant to the Federal Rules of Civil Procedure and this Court's inherent authority. *Scott,* 196 F.R.D. at 247–48.

Sanctions are appropriate when there is evidence that a party's spoliation of evidence threatens the integrity of this Court. Spoliation sanctions serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been without spoliation. They also serve a punitive function, by punishing the spoliator for its actions, and a deterrent function, by sending a clear message to other potential litigants that this type of behavior will not be tolerated and will be dealt with appropriately if need be.

Dismissal or suppression of evidence are the two most drastic sanctions because they strike at the core of the underlying lawsuit. As such, they should only be imposed in the most extraordinary of circumstances. Three key considerations that dictate whether such sanctions are warranted are: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76, 79 (3d Cir.1994).[7]

█ A far lesser sanction is the spoliation inference. *Schmid,* 13 F.3d at 79.

2. *See, e.g., Computer Assocs. Int'l, Inc. v. American Fundware, Inc.,* 133 F.R.D. 166 (D.Colo.1990); *Bowman v. American Med. Sys., Inc.,* 1998 WL 721079 (E.D.Pa. October 9, 1998).

3. *See, e.g., United States v. Philip Morris USA Inc.,* 327 F.Supp.2d 21, 25 (D.D.C.2004) (precluding witnesses that had violated the document retention policy from testifying at trial).

4. *See Zubulake,* 2004 WL 1620866, at *14–*15; *Baliotis v. McNeil,* 870 F.Supp. 1285, 1292–93 (M.D.Pa.1994); *Scott v. IBM Corp.,* 196 F.R.D. 233, 248–50 (D.N.J.2000).

5. *See, e.g., In re Prudential Insurance Co. of Am. Sales Practices Litig.,* 169 F.R.D. 598, 615–17 (D.N.J.1997); *Philip Morris USA,* 327 F.Supp.2d at 25–26.

6. *See* cases cited in footnote 5, *supra.*

7. Although this is a patent infringement action and any appeal will go to the Federal Circuit, since sanctions are not inherently intertwined with patent law, Third Circuit law controls. *Monsanto Co. v. Ralph,* 382 F.3d 1374, 1380 (Fed.Cir.2004).

The spoliation inference is an adverse inference that permits a jury to infer that "destroyed evidence might or would have been unfavorable to the position of the offending party." *Scott,* 196 F.R.D. at 248. This inference is predicated upon the common sense observation that when a party destroys evidence that is relevant to a claim or defense in a case, the party did so out of the well-founded fear that the contents would harm him. *Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 334 (3d Cir.1995); *Schmid,* 13 F.3d at 78.

■ In order for the spoliation inference to apply, four essential factors must be satisfied. First, "it is essential that the evidence in question be within the party's control." *Brewer,* 72 F.3d at 334 (citing *Gumbs v. International Harvester, Inc.,* 718 F.2d 88, 96 (3d Cir.1983)). Second, "it must appear that there has been actual suppression or withholding of the evidence." *Id.* Third, the evidence destroyed or withheld was relevant to claims or defenses. *Scott,* 196 F.R.D. at 248; *Veloso v. Western Bedding Supply Co.,* 281 F.Supp.2d 743, 746 (D.N.J.2003). And fourth, it was reasonably foreseeable that the evidence would later be discoverable. *Scott,* 196 F.R.D. at 248; *Veloso,* 281 F.Supp.2d at 746. "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Scott,* 196 F.R.D. at 249.

In this case, Samsung's deleted or inaccessible e-mails easily satisfy factors one, three and four. The e-mails of Samsung's employees were clearly within Samsung's control since the inception of this litigation. That evidence was relevant to claims or defenses in this case. MOSAID has submitted an affidavit by a former Samsung

memory designer that testifies to the extensive use of e-mail within Samsung and the subject matter that is oftentimes discussed in those e-mails. Magistrate Judge Hedges found that based on that evidence, MOSAID had made a *prima facie* showing of relevance, and this Court agrees.

It was also reasonably foreseeable that technical e-mails would later be sought in discovery. Samsung's argument that MOSAID did not specifically request e-mails in its discovery requests is inapt. The duty to preserve exists as of the time the party knows or reasonably should know litigation is foreseeable. At the latest, in this case, that time was September 2001, the time when MOSAID filed and served the complaint. Samsung had notice that this litigation had begun and therefore had an affirmative obligation to preserve potentially relevant evidence, including technical e-mails.

■ Samsung's argument that MOSAID failed to request e-mails is also wrong. As Magistrate Judge Hedges found, MOSAID's discovery requests encompassed e-mails. Although MOSAID did not use the word "e-mail" in its discovery requests, it broadly defined the word "document" to include, without limitation, "typed . . . matter," "other data compilations," "letters," "correspondence," "notes to the files," "interoffice communications," "statements," and so on. Samsung offers no good faith explanation why its e-mails did not fall within the scope of the word "document" as defined by MOSAID. After all, "e-mail" is short for "electronic mail," which any reasonable litigant would understand qualifies as a "letter," "correspondence," "communication," etc. Indeed, Samsung, in its arguments why the spoliation inference should not be imposed, has referred to e-mail as "e-mail correspondence" and "e-mail communications." (*See* May 10, 2004 Tr. at 6; Samsung's Appeal Br. at 36

n. 21). In addition, Samsung knew that e-mails were discoverable having asked for them in its own discovery requests.

As for Samsung's argument that MO-SAID should have complained earlier than it did about Samsung's failure to produce e-mails, the Court will not permit Samsung to shift the blame for its discovery practices. As documented in the Court's October 1, 2004 Opinion, Samsung's document production was highly deficient. Not having received Samsung's complete non-e-mail production until at least September 17, 2004, MOSAID's motion for sanctions was timely. Accordingly, Samsung had a duty to preserve and produce technical e-mails in this case.[8]

Regarding the second factor and the degree of culpability required by the Third Circuit's "actual suppression" standard, Samsung contends the Magistrate Judge erred by relying on a different, lesser standard when he granted the spoliation inference. Samsung argues that the Magistrate Judge applied the Second Circuit's negligence standard as articulated in *Zubulake* based on the content of the recommended jury instruction, which states in part that the jury may take into consideration whether the "defendants' failure to produce this information was reasonable."[9] Samsung contends that "actual suppression" requires "that the failure to preserve 'was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.'"

(Samsung's Appeal Br. at 34–35 (quoting 29 Am.Jur.2d Evidence § 177)). Under that high threshold of culpability, Samsung maintains that "when electronic evidence was destroyed inadvertently as a result of automatic computer operations used in the ordinary course of business to manage the volume of information generated by a large computer system, an adverse inference is inappropriate." (*Id.* at 35).

█ This Court disagrees. Although the Third Circuit has yet to elaborate on what it meant when it stated that it "must appear that there has been actual suppression," Samsung provides no, and this Court did not find any case law in this circuit that requires a finding of bad faith before allowing a spoliation inference. Some courts in the Third Circuit have construed "actual suppression" to mean that the evidence must be *intentionally* or *knowingly* destroyed or withheld, as opposed to lost, accidentally destroyed or otherwise properly accounted for. *See, e.g., Veloso,* 281 F.Supp.2d at 746 (looking for intentional destruction); *Costello v. City of Brigantine,* 2001 WL 732402, at *26 (D.N.J. June 28, 2001) (looking for knowing destruction). Others have used a more flexible approach that defies being labeled as requiring intentional or knowing destruction. *See, e.g., Scott,* 196 F.R.D. at 248–49 (finding that even though there was no evidence documents were knowingly destroyed the circumstances could still permit a spoliation inference); *Baliotis v. McNeil,* 870 F.Supp. 1285, 1291–93

---

8. Samsung's argument that MOSAID represented to the Court that it did not need e-mail mischaracterizes what MOSAID said. MO-SAID, in what appears to be a reasonable attempt to expedite discovery, represented that if it received certain final documentation, it would not continue to seek e-mails concerning that final documentation. Significantly, rather than supporting Samsung's argument, MOSAID's representation to the Court dem-

onstrates that it was in fact seeking discovery of e-mails.

9. For all its protestations decrying the inclusion of a reasonableness provision in the jury instruction, it is worth noting that Samsung's proposed instruction stated that the jury should consider "whether the defendant's actions were reasonable."

(M.D.Pa.1994) (concluding that a spoliation inference is appropriate even though there was no evidence of bad faith); *cf. Quaglietta v. Nissan Motor Co.*, 2000 WL 1306791, at *2–*3 (D.N.J. Aug.16, 2000) (excluding evidence for spoliation without analyzing the spoliator's intent).

Having considered the two different approaches courts take under the Third Circuit's "actual suppression" standard, and the Third Circuit's characterization of the spoliation inference as a lesser sanction, this Court believes the flexible approach is the better and more appropriate approach. Primarily, the spoliation inference serves a remedial function—leveling the playing field after a party has destroyed or withheld relevant evidence.[10] As long as there is some showing that the evidence is relevant, and does not fall into one of the three categories enumerated in *Schmid*, the offending party's culpability is largely irrelevant as it cannot be denied that the opposing party has been prejudiced. Contrary to Samsung's contention, negligent destruction of relevant evidence can be sufficient to give rise to the spoliation inference. If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence. *See Schmid*, 13 F.3d at 78. By allowing the spoliation inference in such circumstances, the Court

protects the integrity of its proceedings and the administration of justice.[11]

In this case, Samsung's actions warrant the sanction of a spoliation inference. Samsung knew it had a duty to preserve potentially discoverable evidence. Samsung knew that e-mails were potentially relevant to this litigation. Indeed, Samsung itself asked for e-mails in its discovery requests. Samsung also knew how to institute a "litigation hold" and stop the spoliation of e-mails, having done so in one of its divisions in another litigation beginning in 2002. And yet, Samsung failed to institute a "litigation hold" when this litigation began. Further, Samsung did not put a "litigation hold" in place after it received MOSAID's discovery requests. As Magistrate Judge Hedges found, any reasonable litigant would have interpreted MOSAID's discovery requests to include e-mails. But Samsung willfully blinded itself, taking the position that MOSAID's document requests did not seek e-mails and therefore Samsung had no obligation to prevent their continued destruction while this litigation continued. In short, Samsung's actions go far beyond mere negligence, demonstrating knowing and intentional conduct that led to the nonproduction of all technical e-mails.

Moreover, the Court is neither impressed nor moved by Samsung's belated efforts to retrieve e-mails that were allegedly retained by a "litigation hold" imposed for a different lawsuit. The vol-

---

**10.** The other two rationales for spoliation sanctions—punishment and deterrence—play a secondary role with respect to the spoliation inference. The spoliation inference is not definitively punitive in nature because it is a permissible inference that may, or may not, be drawn by the jury. Similarly, since it is only a permissible inference, and the goal of the spoliation inference is to place the prejudiced party in the position that it would otherwise have been, its ability to deter spoliation is limited in scope. Consequently, it is this

Court's belief that the reason the spoliation sanction is considered to be a lesser sanction is because it is primarily remedial in nature.

**11.** It should be noted that the Court's analysis is limited to the spoliation inference and is not meant to infer that a lesser showing of culpability permits imposition of the far more serious sanctions—dismissal, summary judgment, and exclusion of evidence.

ume of potentially relevant evidence—"approximately 15–20 Gigabytes of e-mail and attachment data from the local folders for approximately 200 DRAM Design engineers"[12]—is staggering and serves to put into focus the extent of Samsung's spoliation. Amazingly, Samsung did not undertake efforts to preserve and collect potentially relevant e-mails until after Magistrate Judge Hedges issued his September 1, 2004 Order. In other words, Samsung waited approximately three years after the beginning of this litigation, over a year after the close of fact discovery and approximately seven months after MOSAID filed its sanctions motion before it actually expended any effort to comply with an obligation that existed, at the latest, in September 2001. Given these circumstances, the sanctions imposed by Magistrate Judge Hedges are appropriate and fair.

More specifically, the Court approves and hereby adopts Magistrate Judge Hedges proposed spoliation inference jury instruction. As discussed above, it accurately reflects the law in this circuit and, subject to MOSAID's proofs at trial, will be given as part of the jury charge. Further, with regard to the monetary sanctions imposed, the Court has reviewed the Magistrate Judge's findings and concludes that they are supported by the evidence. Although Samsung contends that monetary sanctions should not be imposed for its complete spoliation of technical e-mails, relying on the same arguments it proffered to reverse the spoliation inference, this Court finds that they are an appropriate, additional sanction that is necessary to compensate MOSAID for the time and effort it was forced to expend in an effort to obtain discovery it was entitled to.

## CONCLUSION

The duty to preserve potentially relevant evidence is an affirmative obligation that a party may not shirk. When the duty to preserve is triggered, it cannot be a defense to a spoliation claim that the party inadvertently failed to place a "litigation hold" or "off switch" on its document retention policy to stop the destruction of that evidence. As discoverable information becomes progressively digital, e-discovery, including e-mails and other electronic documents, plays a larger, more crucial role in litigation. In this district, in October 2003, Local Civil Rule 26.1 was amended to include a section concerning discovery of digital information. *See* L. Civ. R. 26.1(d). Among other things, that rule requires counsel to investigate how a client's computers store digital information, to review with the client potentially discoverable evidence, and to raise the topic of e-discovery at the Rule 26(f) conference, including preservation and production of digital information. Unless and until parties agree not to pursue e-discovery, the parties have an obligation to preserve potentially relevant digital information. Parties who fail to comply with that obligation do so at the risk of facing spoliation sanctions.

Although Rule 26.1(d) was not in effect at the start of this litigation, Samsung was aware that it had a duty to preserve potentially discoverable evidence. It knew that its technical e-mails were potentially relevant to the claims and defenses existing in this lawsuit. And Samsung chose to do nothing about the spoliation of those e-mails. As a result, MOSAID has suffered prejudice from the nonproduction of countless e-mails because its ability to prove infringement, and other issues, has been potentially hindered.

---

12. (Samsung's Appeal Br. at 6 n. 4).

In light of the above, the Court affirms the spoliation inference jury instruction and monetary sanctions imposed by Magistrate Judge Hedges. These are the least burdensome sanctions the Court can impose while still attempting to level what has become an uneven playing field.

## ORDER

This matter comes before the Court on defendants Samsung Electronics Co., et al.'s appeal of Magistrate Judge Hedges' July 7, 2004 and September 1, 2004 Orders. After having considered the parties' submissions, and for the reasons set forth in the Court's accompanying Opinion, and for good cause shown,

**IT IS** on this 7th day of December 2004 hereby,

**ORDERED** that defendants' appeal is **DENIED,** and the spoliation inference jury instruction and monetary sanctions imposed by Magistrate Judge Hedges in his July 7, 2004 and September 1, 2004 Orders are **AFFIRMED.**