**Diane OGIN and Donald Ogin, Plaintiffs,**

v.

**Muhiddin AHMED and Werner Enterprises, Inc., Defendants.**

**Civil Action No. 03:06–CV–350.**

United States District Court, M.D. Pennsylvania.

July 1, 2008.

Matthew A. Cartwright, Munley, Munley & Cartwright, Plains, PA, for Plaintiffs.

Dawn L. Jennings, Jon Michael Dumont, Rawle & Henderson LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM

RICHARD P. CONABOY, District Judge.

This case arises from a vehicle accident involving the commercial tractor trailer driven by Muhiddin Ahmed ("Defendant Ahmed") and the Jeep Wrangler driven by Diane Ogin ("Plaintiffs"). (Doc. 64 at 1.) At all times relative to this accident, Defendant Ahmed was employed by Werner Enterprises, Inc. ("Defendant Werner"). (*Id.*) Plaintiffs allege Defendants are liable for damages resulting from the accident and punitive damages. (*Id.*)

Before the Court for consideration is Plaintiffs' Motion for Spoliation Charge (Doc. 123). The motion is fully briefed and now ripe for disposition. Based on the discussion below, we will grant the motion.

## I. BACKGROUND[1]

The accident underlying this action occurred on October 4, 2005. (Doc. 124 at 1.) On November 14, 2005, Patricia Rogers, a claims examiner for Defendant Werner, sent a letter to Plaintiffs' counsel acknowledging Plaintiffs' claim for compensation for injuries sustained as a result of the October 4, 2005, accident. (Doc. 123 Ex.

---

1. Because the facts and procedural background of this case were described in detail in our Memorandum and Order of March 10, 2008 (Doc. 64), we will only address the relevant background to this Memorandum and Order.

A.) On December 6, 2005, Plaintiffs' counsel sent Defendant Werner a certified letter requesting that they not destroy certain documents and records as follows:

... any and all information regarding the tractor-trailer, driver's logs, company records, personnel file, expense records, [*sic*] State Police inspections, company inspections, training records, bills of lading, time/expense records, witness statements, driver's physical exams, dispatcher information, payroll records and any and all records that may pertain to this incident or all parties involved.

(*Id.* Ex. B.)

On January 15, 2006, Plaintiffs commenced a civil action against Defendants in the Court of Common Pleas of Wyoming County, Pennsylvania. (Doc. 124 at 2.) In the Complaint filed in state court, Plaintiffs alleged Defendant Ahmed violated the Federal Motor Carrier Safety Regulations ("FMCSR")and failed to maintain a proper driver's log. (*Id.*) On January 25, 2006, Plaintiffs received a Sheriff's Return of Service for the state Complaint from the Wyoming County Sheriff. (*Id.*)

According to Plaintiffs, they served their first request for the production of documents on January 21, 2006. (*Id.*) Defendants admit the request was served but deny service was made on January 21, 2006. (Doc. 134 at 2.) The document requested as follows:

"1. Complete and clearly readable copies of all driver's record of duty status or driver's daily logs ... created by Ahmed, and or any of his co-drivers, for the period from September 3, 2005 [*sic*] through October 4, 2005...."

(Doc. 123 at 2.)

On September 20, 2006, Plaintiffs filed a motion to compel the production of thirty (30) days of records. (*Id.*) Defendants objected to the motion and provided eight (8) days of driver's logs. (Doc. 134 at 3.)

This Court attempted to aid the parties reach an amicable resolution to the dispute concerning the production of documents by including in our Order dated February 8, 2007, a footnote outlining the type of information we believed should be exchanged. (Doc. 26 at 1 n. 1.) Our footnote provided as follows:

As a gratuitous footnote to the Court's conference with counsel, we reiterate here that it appears reasonable to this Court, in personal injury actions of this type, for the parties to exchange all information on drivers, injured parties, and vehicles involved covering a thirty (30) day period prior to the accident. That information, at the least, should include all available information concerning maintenance of the vehicles and history of the drivers involved in the accident.

(*Id.*) In subsequent correspondence with the Court, counsel for both parties indicated that a dispute remained as to the production of documents. (Docs.28, 29.)

On May 18, 2007, we issued an Order directing the parties to exchange the type of information outlined in our Order of February 8, 2007. (Doc. 33.) Our Order required the exchange of information for a period of thirty (30) days prior to the accident. (*Id.*)

According to Plaintiffs, on June 8, 2007, Defendants produced vehicle positioning records for September 5, 2005, through September 27, 2005, and stated that they were compiling other records to be produced. (Doc. 124 at 3.) Plaintiffs further assert that on June 14, 2007, Defendants provided, among other things, "the driver's log recap from September 5, 2005, to September 26, 2005." (*Id.*) Defendants contend the driver's log recaps are contained within the positioning records, referred to

by the parties as "qualcomm messages." (Doc. 134 at 4.) Additionally, Defendants maintain that Defendant Werner employee Della Sanders explained at her deposition that only eight (8) days of actual driver's logs were retained. (*Id.*) In Defendants [*sic*] Opposition to Plaintiffs' Motion for a Spoliation Charge, they state, "Defendants admit that pursuant to Werner's retention period and in compliance with the Federal Motor Carrier Safety Regulations, the driver's logs for September 4, 2005 through September 26, 2005 were inadvertently purged in the ordinary course of business." (*Id.* at 9.)

On April 17, 2008, Angela Gahagan, a former employee of the Federal Motor Carrier Safety Administration, was deposed by counsel for the parties. (Doc. 124 at 3.) According to Plaintiffs, Mrs. Gahagan was critical of Plaintiffs' trucking expert, Kerry Nelson, for having analyzed log recaps instead of actual driver's logs. (*Id.* at 4.) Defendants describe a log recap as a driver's available log which could be requested and viewed through the qualcomm computer. (*Id.* at 4–5.) As characterized by Defendants, Mrs. Gahagan criticized Mr. Nelson's opinions for having been based on qualcomm messages containing driver's log recaps and not on an audit of actual driver's logs. (Doc. 134 at 5.)

On April 30, 2008, Plaintiff's Motion for Spoliation Charge was filed with a brief in support. (Docs.123, 124.) On May 19, 2008, Defendants [*sic*] Opposition to Plaintiffs' Motion for a Spoliation Charge (Doc. 134) and Defendants [*sic*] Memorandum of Law in Opposition to Plaintiffs' Motion for a Spoliation Charge (Doc. 135) were filed. On May 30, 2008, Plaintiffs' Reply Brief on Spoliation was filed. (Doc. 141.)

## II. DISCUSSION

▮ Plaintiff's Motion for Spoliation Charge (Doc. 123) is fully briefed and now ripe for disposition. In their motion, Plaintiffs request the Court give the jury an adverse inference instruction at the time of trial. (*Id.* at 6.) The request is premised on Plaintiffs' assertion that Defendants did not produce and then destroyed actual driver's logs from September 5, 2005, through September 26, 2005. (Doc. 123 at 5.) Based on the following analysis, we will grant Plaintiffs' motion and instruct the jury as to spoliation at the time of trial.

First, we will address whether the rule permitting an adverse inference instruction is applicable in this case. Second, we will discuss the appropriateness of any sanctions.

## A. Spoliation

▮ Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Mosaid Technologies Inc. v. Samsung Electronics Co.*, 348 F.Supp.2d 332, 335 (D.N.J.2004) (*citing Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 2004 WL 1620866, at *15 (S.D.N.Y.2004) (*quoting West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999))). The United States Court of Appeals for the Third Circuit has explained:

The general principles concerning the inferences to be drawn from the loss or destruction of documents are well established. When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him.

*Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir.1995) (citing *Gumbs v. International Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir.1983)). The Court further stated:

> For the rule to apply, it is essential that the evidence in question be within the party's control. *Gumbs,* 718 F.2d at 96. Further, it must appear that there has been an actual suppression or withholding of the evidence. No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.

*Brewer,* 72 F.3d at 334 (citing 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d *Evidence* § 177).

As other courts within the Third Circuit have observed, relevant authority requires that four (4) factors be satisfied for the rule permitting an adverse inference instruction to apply: 1) the evidence in question must be within the party's control; 2) it must appear that there has been actual suppression or withholding of the evidence; 3) the evidence destroyed or withheld was relevant to claims or defenses; and 4) it was reasonably foreseeable that the evidence would later be discoverable. *Mosaid,* 348 F.Supp.2d at 336 (*citing Brewer,* 72 F.3d at 334; *Scott v. IBM Corp.,* 196 F.R.D. 233, 248–50 (D.N.J. 2000); *Veloso v. Western Bedding Supply Co.,* 281 F.Supp.2d 743, 746 (D.N.J.2003)). Additionally, the Untied States District Court for the District of New Jersey recognized: "While a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litiga-

tion." *Mosaid,* 348 F.Supp.2d at 336 (*quoting Scott,* 196 F.R.D. at 249).

Initially, we note the Defendants have not provided a date or time frame indicating when the actual driver's logs were destroyed in any filing with this Court. We previously observed that Defendants admitted "that pursuant to Werner's retention period and in compliance with the Federal Motor Carrier Safety Regulations, the driver's logs for September 4, 2005, through September 26, 2005 [*sic*] were inadvertently purged in the ordinary course of business." (Doc. 134 at 4.) Defendants do not identify a date of destruction, individual responsible for such destruction, or time frame for such destruction pursuant to their retention policy. Additionally, Defendants do not attach their retention policy as an exhibit to any filing. Finally, they do not describe what their retention policy provides in any filing.

Turning to the first factor to be considered when an adverse inference instruction is requested, we find the driver's logs from September 3, 2005, through October 4, 2005, were in Defendants' control. *See Mosaid,* 348 F.Supp.2d at 336. We note Defendants admit to purging the documents in the "ordinary course of business." (Doc. 134 at 4.) Thus, Defendants concede the records were within their possession and control up to the time of their destruction.

Second, Defendants actually suppressed and withheld the driver's logs. *Mosaid,* 348 F.Supp.2d at 336. At the latest, Defendants received notice of potential litigation via a certified letter from Plaintiffs' counsel on December 6, 2005. (Doc. 123 Ex. B.) Plaintiffs' letter specifically requested Defendants to not destroy "driver's logs ... and any and all records that may pertain to this incident or all parties involved." (Doc. 123 Ex. B.) On January

16, 2006, Plaintiffs commenced a civil action against Defendants in the Court of Common Pleas of Wyoming County, Pennsylvania. (Doc. 124 at 2.) The Complaint contained an allegation that Defendant Ahmed violated the FMCSR and failed to maintain a proper driver's log. (*Id.*) On January 25, 2006, Plaintiffs received a receipt indicating Defendants were served the Complaint. (*Id.*) Thus, Defendants had notice of potential litigation on December 6, 2005, and possessed actual notice of litigation on January 25, 2006.

Further, Defendants had notice that Plaintiffs were requesting production of driver's logs from September 3, 2005, through October 4, 2005. Plaintiffs contend that on January 21, 2006, they served Defendants with their first request for the production of driver's logs for the period from September 3, 2005, through October 4, 2005. (*Id.*) Defendants dispute the date of service but do not provide a date they assert service occurred. (Doc. 134 at 2.) Additionally, Plaintiffs filed a motion to compel the driver's logs from September 3, 2005, through October 4, 2005, and other information with this Court on September 20, 2006. (Doc. 123 at 2.) Thus, Defendants had notice that Plaintiffs were seeking actual driver's logs for the period of September 3, 2005, through October 4, 2005, on or about January 21, 2006.

Defendants objected to producing more than eight (8) days of driver's logs. (Doc. 135 at 6.) They assert that the actual driver's logs were purged in the ordinary course of business. (*Id.*) Defendants do not provide this Court with any information regarding the details of its retention policy. Moreover, Defendants do not provide a date or time frame within which the records were destroyed in any of their filings with this Court.

We find Defendants had notice that Plaintiffs sought to obtain Defendant Ahmed's actual driver's logs from September 3, 2005, through October 4, 2005, prior to Defendants destroying the records. Further, we find Defendants actually suppressed and withheld the driver's logs.

Third, the actual driver's logs for the period from September 3, 2005, through October 4, 2005, related to Plaintiffs claims. *Mosaid,* 348 F.Supp.2d at 336. Plaintiffs' Complaint filed in state court contained allegations that Defendant Ahmed violated the FMCSR and failed to maintain a proper driver's log. (Doc. 124 at 2.) The Complaint also names Werner Enterprises, Inc. as a Defendant. (Doc. 123 Ex. C.) The claims against Defendant Werner include allegations that it negligently entrusted Defendant Ahmed with its tractor trailer and operated its tractor trailer in violation of the FMCSR. (Doc. 123 Ex. C.) Thus, we find the actual driver's logs for September 3, 2005, through October 4, 2005, related to Plaintiffs claims against both Defendant Ahmed and Defendant Werner.

Fourth, it was reasonably foreseeable that the actual driver's logs for the period from September 3, 2005, through October 4, 2005, would be reasonably discoverable. *Mosaid,* 348 F.Supp.2d at 336. Defendants argue that its preservation of eight (8) days of driver's logs was reasonable given that the FMCSR requires a driver to retain seven (7) days of logs with him for inspection and in view of previous decisions by this Court requiring the production of eight (8) days of logs. (Doc. 135 at 6 (*citing* 42 U.S.C. § 395.3).) However, as discussed above, Defendants had notice of potential litigation on December 6, 2005, and possessed actual notice of litigation on January 25, 2006, for claims that Defendants violated the FMCSR and negligently operated their tractor trailer. (Docs. 123 Ex C, 124 at 2.) Additionally, Defendants had notice on or about January 21, 2006,

that Plaintiffs sought driver's logs from September 3, 2005, through October 4, 2005. (Docs. 124 at 2, 134 at 2.) Defendants unilaterally made the decision that the driver's logs were irrelevant and destroyed the records. (Doc. 135 at 6.) Thus, we find it was reasonably foreseeable under the circumstances of this case that the actual driver's logs for the period from September 3, 2005, through October 4, 2005, would be reasonably discoverable. *Mosaid*, 348 F.Supp.2d at 336.

Based on the above, we find Defendants' actions warrant sanctioning for the destruction of the actual driver's logs for the period from September 3, 2005, through September 26, 2005. Defendants had a duty to preserve the logs that arose from Plaintiffs' requests and filings. The record in this case demonstrates that Defendants should have taken reasonable precautions in preserving the actual driver's logs for the entire period from September 3, 2005, through October 4, 2005. Any objection to the production could then have properly been resolved by a court during the course of litigation. Although Defendants had notice of litigation and a request to preserve the actual driver's logs, they unilaterally determined the logs more than eight days prior to the accident were irrelevant and destroyed them. As the United States District Court for the District of New Jersey observed:

> If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence.

*Mosaid*, 348 F.Supp.2d at 338 (*citing Schmid v. Milwaukee Electric* 13 F.3d 76,

78 (3d Cir.1994)). Thus, we find Defendants destruction of the logs warrant sanctioning.

## B. Sanctions

 The United States Court of Appeals for the Third Circuit has applied three (3) key considerations to determine whether a sanction for spoliation of evidence is appropriate.[2] *Schmid*, 13 F.3d at 79. The considerations are: 1) the degree of fault of the party who altered or destroyed the evidence; 2) the degree of prejudice suffered by the opposing party; and 3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future. *Id.* When appropriate, a court may impose any potential sanction including: 1) dismissal of a claim or granting judgment in favor of a prejudiced party; 2) suppression of evidence; 3) an adverse inference, referred to as the spoliation inference; 4) fines; and 5) attorneys' fees and costs. *Mosaid*, 348 F.Supp.2d at 335.

Under the first consideration, we find Defendants bear a high degree of fault for the destruction of the actual driver's logs. *See Schmid*, 13 F.3d at 79. As discussed above, Defendants had notice of potential litigation on December 6, 2005, and possessed actual notice of litigation on January 25, 2006, for claims that Defendants violated the FMCSR and negligently operated their tractor trailer. (Docs. 123 Ex C, 124 at 2.) Additionally, they had notice on or about January 21, 2006, that Plaintiffs sought driver's logs from September 3, 2005, through October 4, 2005. (Docs. 124 at 2, 134 at 2.) Defendants unilaterally made the decision that the driver's logs

---

**2.** Both parties identify *Schmid* as the applicable standard in this matter. (Docs. 124 at 6– 7, 135 at 3.)

more than eight days prior to the accident were irrelevant and destroyed the records. (Doc. 135 at 6.) The record in this case and the relevant authority demonstrates that Defendants should have taken reasonable precautions in preserving the actual driver's logs for the entire period from September 3, 2005, through October 4, 2005. Presumably, the information is now lost to Plaintiffs. Thus, we find Defendants' actions bear a degree of fault warranting sanctioning. *See Schmid,* 13 F.3d at 79.

Pursuant to the second consideration, we find Defendants actions have prejudiced Plaintiffs. *See id.* In their Complaint filed in the state court, Plaintiffs asserted claims against both Defendant Ahmed and Defendant Werner for various violations of the FMCSR, negligent operation of the tractor trailer, and punitive damages. (Doc. 1 Ex. A.) The Complaint named both Defendant Ahmed as the driver and Defendant Werner as Defendants. (*Id.*) The claims against Defendant Werner were brought against them as both Defendant Ahmed's employer and in their individual capacity as the owner and operator of the tractor trailer involved in the accident. (*Id.*) Moreover, the Complaint included claims for punitive damages from both Defendant Ahmed and Defendant Werner in their capacities as employee/employer as well as in their individual capacities. (Doc. 1 Ex. A.)

The destruction of the actual driver's logs from September 3, 2005, through September 26, 2005, has prejudiced Plaintiffs in their ability to discern the extent of any violations of the FMCSR or any other negligent conduct that may give rise to punitive damages for that period of time. Additionally, as Plaintiffs argue, the information available to proposed expert witnesses to formulate opinions as to Defendants' conduct has been diminished by the lack of available logs. (*See* Doc. 124 at 8–

9.) Thus, we find Plaintiffs have been prejudiced by Defendants destruction of the actual driver's logs. *See Schmid,* 13 F.3d at 79.

Under the third and final consideration as to the appropriateness of sanctions, we find an adverse inference instruction is the least severe and most appropriate sanction warranted by the circumstances of this case. *See id.* In *Schmid,* the Third Circuit noted that an adverse inference instruction is less severe a sanction for the spoliation of evidence than dismissal or suppression of evidence. *Schmid,* 13 F.3d at 79; *see also Mosaid,* 348 F.Supp.2d at 335–36. Additionally, an adverse inference is designed to deter similar conduct in future cases. *See Schmid,* 13 F.3d at 79.

Here, Defendants unilaterally determined the relevance of the actual driver's logs and destroyed the records from September 4, 2005, through September 26, 2005. (Doc. 135 at 6.) The only relief Plaintiffs request for the destruction of the logs is an adverse inference instruction to be given to the jury at the time of trial. (Doc. 123 at 6.) Thus, we find an adverse inference instruction is the least severe and most appropriate sanction warranted by the circumstances of this case. *See Schmid,* 13 F.3d at 79.

### III. CONCLUSION

Based on the discussion above, we will grant Plaintiffs' Motion for Spoliation Charge. (Doc. 123.) At the time of trial, the Court will instruct the jury as to the proper adverse inference they may draw from Defendants' destruction of the actual driver's logs for the period from September 4, 2005, through September 26, 2005.

### *ORDER*

AND NOW, this 30th day of June 2008, for the reasons discussed in the accompa-

nying Memorandum, the following is Order is entered:

1. Plaintiffs' Motion for Spoliation Charge (Doc. 123) is granted; and

2. At the time of trial, the Court will instruct the jury as to the proper adverse inference they may draw from Defendants' destruction of the actual driver's logs for the period from September 4, 2005, through September 26, 2005.