NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1573
_____

NEAL LABARRE

v.

WERNER ENTERPRISES, INC.,
d/b/a/
WERNER ENTERPRISES,

Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-05-cv-06312)
District Judge:  Honorable Timothy R. Rice

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2011

_____

Before:  SCIRICA, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: March 28, 2011)

_____

OPINION
_____

AMBRO, Circuit Judge

We consider whether the District Court erred in ordering delay damages to Appellee Neal LaBarre under Pennsylvania Rule of Civil Procedure 238 ("Rule 238"), and affirm the District Court's order.

## I.

In October 2003 Neal and Doris LaBarre were involved in a truck accident with an employee of Werner Enterprises, Inc. ("Werner"). The LaBarres claimed personal injuries and brought suit against Werner in the Court of Common Pleas of Lehigh County, Pennsylvania. Werner admitted its negligence at the outset of the litigation and both parties were aware that trial would only concern the issue of damages. In December 2005, Werner removed the case to federal court based on the parties' diversity of citizenship.[1]

The case was then suspended during two periods of time. The first suspension occurred between February 7, 2006 and September 24, 2008.[2] After docket activity resumed, in December 2008 the Court scheduled trial for April 7, 2009. Werner identifies March 12, 2009 to December 8, 2009 as a second period of delay. On March 11, 2009 the parties consented to a transfer of jurisdiction to a magistrate judge and on March 12 the previous scheduling order in place was suspended until further order of

---

[1] Werner is an Oklahoma corporation and the LaBarres are Pennsylvania citizens.

[2] The Court's February 6 order was entered February 7 and "stay[e]d the[] proceedings until plaintiff's damages [were] ascertained." The order stated that the Court would retain jurisdiction until it was "in a status so that it [could] proceed to final disposition." The next docket entry occurred on September 23, 2008 with a letter from counsel for the LaBarres requesting a status conference to resolve a discovery dispute, which took place the next day.

Magistrate Judge Rice.  At a June 9, 2009 pretrial conference, trial was listed for December 8, 2009.

The case proceeded to trial in December 2009 as scheduled.  Doris LaBarre's claim was dismissed on December 10, 2009 after a settlement was reached.  A jury awarded a verdict in the amount of $177,900 to Neal LaBarre on the same day.  He then moved to amend and mold the judgment to include delay damages pursuant to Rule 238. The Court granted the motion and revised the verdict to include delay damages of $39,978.45, covering the period between October 17, 2006 (one year after the completion of service) to December 10, 2009.  Werner appeals the delay damages on the ground that the LaBarres caused the delays and, as such, they are not entitled to damages under Rule 238.  Because we cannot conclude that the LaBarres caused the delay in either instance, we affirm the District Court's award of delay damages.

## III.

We review the District Court's ruling for abuse of discretion.  *Barris v. Bob's Drag Chutes & Safety Equip. Inc.*, 717 F.2d 52, 55 (3d Cir. 1983).  Under Pennsylvania law, a plaintiff is entitled to delay damages in "an amount representing interest earned on his or her eventual recovery during the time the case was pending" if the verdict rendered is more than 125 percent of any settlement offer presented by the defendant.  *Sealover v. Carey Can.*, 996 F.2d 42, 46 (3d Cir. 1993).  Under Rule 238, "[d]amages for delay *shall* be awarded for the period of time from a date one year after the date original process was first served in the action to the award, verdict or decision." (emphasis added).  However, delay damages are not available to plaintiffs for any period of time "during which the

3

plaintiff caused delay of the trial." Pa. R. Civ. P.  238 (b)(2).  This includes where a plaintiff requests a continuance.  *Sealover*, 996 F.2d 42.

We reject Werner's contention that the LaBarres caused both delays.  It suggests that the LaBarres requested stays because of various surgeries related to the accident.  However, neither the language of the District Court's docketed orders nor its stated rationale for imposing the delay damages suggests that the stays occurred because of the LaBarres' respective surgeries or at their requests.  The Court's order regarding the first period of delay states that the case was suspended on February 7, 2006 to give the parties time to ascertain the LaBarres' damages because no meaningful discovery had occurred.  Nothing before us shows that the suspension was in response to a request by the LaBarres.  Werner has thus not met its burden of proving that the first stay was attributable to the LaBarres.  Pa. R. Civ. P. 238 explanatory cmt. (1998).[3]

With respect to the March 12, 2009 suspension, Magistrate Judge Rice explained that it was necessary to allow preparation for trial.  For example, during the relevant time period, the LaBarres provided expert reports and were examined by physicians chosen by defense counsel.[4]  Werner has not pointed to anything in the record showing the LaBarres

---

[3] Werner argues that the surgeries affected its ability to extend a fair settlement offer, as they could have affected the extent of the LaBarres' damages.  However, it does not appear to contend that the surgery changed Neal LaBarre's damages or that "the full extent of [his] . . . damages [was] unknown and unforeseeable" prior to the jury's verdict. *Sherrill v. Port. Auth.*, 556 A.2d 450, 461 (Pa. Super. 1989).

[4] In addition, the coincidence of the second stay with the transfer of jurisdiction to Magistrate Judge Rice suggests to us that the suspension may have been in part administrative, allowing the Magistrate time to readjust the trial schedule as necessary.

4

requested a continuance or contradicting the Court's conclusion that discovery by both parties was undertaken during the relevant time period.

We therefore agree with the District Court's conclusion that "[b]oth instances of delay [Werner] alleges [the LaBarres] caused were reasonable steps in preparation for trial." Accordingly, the Court did not abuse its discretion and we affirm its order molding the verdict to include delay damages.