No. 14-0212 -    *Jannell Williams, as the Personal Representative of the Estate of Kenneth Williams, and Cheryl Rutledge, as the Personal Representative of the Estate of Quentin Rutledge v. Werner Enterprises, Inc., a Nebraska Corporation*

**FILED**

**March 2, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Davis, Justice, dissenting:

In this case, two truck drivers were killed while traveling in West Virginia. They were employed by Werner Enterprises ("Werner"). The truck drivers were killed as a result of a single vehicle accident on January 12, 2009. On January 14, 2009, within two days of the accident, Werner had the tractor-trailer destroyed. On or about February 11, 2009, counsel for the estate of one of the truck drivers, Kenneth Williams, wrote a letter to Werner and asked that the tractor-trailer not be destroyed. Counsel was informed by a letter from Werner, dated March 2, 2009, that the tractor-trailer had already been destroyed. The estates of both accident victims sued Werner in a joint action. One of the causes of action was a claim for intentional spoliation of evidence. In other words, the intentional destruction of the tractor-trailer.

Here, the plaintiffs argued that the trial court committed error in granting Werner summary judgment on their claim for spoliation of evidence. The majority opinion determined that because the plaintiffs did not meet their burden of showing a genuine material issue of fact was in dispute, summary judgment was appropriate. For the reasons set out below, I dissent.

1

**Under the Majority Opinion, Defendants Can Now Destroy All Evidence
of Their Wrongdoing within 48 Hours of Their Wrongful Conduct**

Let me be clear at the outset. The majority opinion has abolished the tort of spoliation of evidence. I do not say this lightly. Under the majority's decision, no plaintiff will ever be able to withstand a summary judgment motion for spoliation of evidence, as long as a defendant destroys evidence within 48 hours of the accident and without immediate notice from the victim to preserve the evidence. The ramification of the majority's ruling is mind-boggling, because it effectively removes even the possibility of a sanction for such outrageous and devious conduct.

The majority opinion spends an inordinate amount of time consulting dictionary definitions for "knowledge" in order to show that the plaintiffs failed to present any evidence that Werner had "knowledge" that a lawsuit might be pending. The majority opinion could have used its time more productively and uncovered the fact that Werner appears in the citation to over 220 cases, including numerous wrongful death and personal injury actions naming Werner as a defendant. *See, e.g.*, *Keifer v. Reinhart Foodservices, LLC*, 563 F. App'x 112 (3d Cir. 2014) (personal injury action against Werner); *LaBarre v. Werner Enters., Inc.*, 420 F. App'x 169 (3d Cir. 2011) (personal injury action against Werner by two plaintiffs); *Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122 (10th Cir. 2009) (injured pickup truck driver brought negligence action against Werner, arising from his collision with stalled tractor-trailer); *Marcano v. Werner Enters., Inc.*, 113 F.3d 1229 (2d Cir. 1997)

2

(person injury action against Werner); *Gruenbaum v. Werner Enters., Inc*., 270 F.R.D. 298 (S.D. Ohio 2010) (survivor of driver brought wrongful death action against Werner); *Wallace v. Tindall*, No. 09-00775-CV-W-FJG, 2010 WL 2545553 (W.D. Mo. June 18, 2010) (plaintiff brought personal injury action against Werner); *Brown v. Werner Enters., Inc*., No. 04-1664, 2009 WL 1158938 (E.D. La. Apr. 28, 2009) (personal injury action against Werner); *Yeakel v. Werner Enters., Inc*., No. 3:07cv2054, 2008 WL 2120515 (M.D. Pa. May 19, 2008) (personal injury action against Werner); *Blackshear v. Werner Enters., Inc*., No. 2004-4-WOB, 2005 WL 6011291 (E.D. Ky. May 19, 2005) (personal injury action against Werner); *Werner Enters., Inc. v. Stanton*, 690 S.E.2d 623 (Ga. Ct. App. 2010) (two wrongful death actions against Werner); *Schmitt v. Werner Enters., Inc*., 716 N.Y.S.2d 505 (2000) (motorist brought action against Werner to recover for physical and psychological injuries sustained as a result of accident); *Abraham v. Werner Enters.*, No. E-98-077, 1999 WL 299540 (Ohio Ct. App. May 14, 1999) (personal injury action against Werner); *Forklift Sys., Inc. v. Werner Enters.*, No. 01A01-9804-CH-00220, 1999 WL 326159 (Tenn. Ct. App. May 25, 1999) (plaintiff sued Werner for property damage); *Werner Enters., Inc. v. Brophy*, 218 P.3d 948 (Wyo. 2009) (injured motorist and wife brought action against Werner for personal injuries and loss of consortium arising out of accident).

More importantly, Werner is not new to claims for destruction of evidence. For example, in *Ogin v. Ahmed*, 563 F. Supp. 2d 539 (M.D. Pa. 2008), the plaintiff was injured

3

in an accident on October 4, 2005, when Werner's truck driver ran into the vehicle the plaintiff was driving. Prior to commencing the litigation, the plaintiff's counsel sent Werner a letter specifically requesting that it not destroy any of the driver's logs. Once the litigation began, the plaintiff requested the driver's logs. Werner informed the plaintiff that it had destroyed the driver's logs for the critical period right before the accident: September 4, 2005, through September 26, 2005. The plaintiff filed a motion to have a spoliation of evidence adverse instruction be given to the jury at the trial. The court granted the motion and ruled that, "[a]t the time of trial, the Court will instruct the jury as to the proper adverse inference they may draw from Defendants' destruction of the actual driver's logs for the period from September 4, 2005, through September 26, 2005." *Ogin*, 563 F. Supp. 2d at 546.

Similarly, in *Duque v. Werner Enterprises, Inc.*, No. L-05-183, 2007 WL 998156 (S.D. Tex. Mar. 30, 2007), the plaintiff was injured by a truck being driven by a driver for Werner. Prior to the litigation, the plaintiff's counsel requested Werner not to destroy the tractor-trailer. When the plaintiff's expert went to inspect the tractor-trailer, the expert found that the tractor-trailer had been repaired. The plaintiff subsequently filed a motion for sanctions against Werner that included a spoliation of evidence jury instruction. The trial court granted the motion, in part, as follows:

> The Court orders the issuance of a permissive inference jury instruction as to Defendant Werner regarding the repair of the tractor and trailer, the precise wording of which will be determined when jury instructions are considered by the Court before trial. The Court also grants Plaintiff monetary

4

sanctions against Defendant Werner in the amount of $6,921.35 for Plaintiff's expert's expenses and fees, $3,750.00 for Plaintiff's counsel's expenses and fees, and $10,000.00 as punitive sanctions for the significant prejudice it caused Plaintiff by altering this critical evidence. This combination of jury instruction and monetary assessment against Defendant Werner is the least severe sanction which will adequately address Defendant Werner's misconduct. All other relief requested is hereby denied.

*Duque*, 2007 WL 998156, at \*7.

These cases clearly demonstrate that Werner has a practiced pattern of destroying evidence to preclude its use in future litigation against it. While other courts have imposed sanctions on Werner for destroying evidence, the majority of our Court rewards Werner's reprehensible conduct.

This Court previously has noted that "[a] party's precise knowledge or state of mind concerning a situation often cannot be determined by direct evidence, but must instead be shown indirectly through circumstantial evidence." *Mace v. Ford Motor Co.*, 221 W. Va. 198, 204, 653 S.E.2d 660, 666 (2007) (citations omitted). The plaintiffs in this case presented sufficient circumstantial evidence to raise a material issue of fact as to whether Werner had knowledge that litigation might occur as a result of the accident. The plaintiffs argued that Werner was an experienced trucking company. My cursory review of litigation that Werner has been involved with supports the allegation that Werner has extensive litigation experience as well. Such extensive litigation experience ultimately explains why

5

Werner destroyed the tractor-trailer. The plaintiffs also presented evidence that Werner's investigator provided a written report and photographs from the accident scene to Werner electronically on the date of the accident, thus further evidencing Werner's appreciation of the need to quickly document the scene of the accident. In sum, the plaintiffs presented sufficient circumstantial evidence to permit a jury to consider whether they had satisfied the elements of a claim for intentional spoliation of evidence. I further agree with the analysis set forth in Chief Justice Workman's dissenting opinion detailing the myriad of ways in which the plaintiffs' evidence is sufficient to survive Werner's summary judgment motion.

Werner learned from its investigator that there had been damage to a guardrail, the tractor-trailer had overturned, there had been a significant diesel fuel leak, and a subsequent fire engulfed the tractor-trailer. Werner further learned that both of its employees were killed in the crash. Werner also was informed that the State would be making a claim for damage done to the guardrail and that claims likely would be made for environmental remediation. Further, based on its own communication records, Werner knew that the tractor-trailer had broken down on two separate occasions on a trip immediately preceding the fatal accident. The majority opinion has described this evidence as being no more than a scintilla of evidence of Werner's knowledge. This is nonsensical. If a defendant is going to be permitted to destroy evidence within two days of an accident, then no plaintiff will ever be able to present evidence of the defendant's "knowledge" that a potential lawsuit would

6

follow.  In other words, the majority has accomplished its implicit intent of abolishing a cause of action for intentional spoliation of evidence.

Based upon the foregoing, I strongly dissent from the majority's opinion in this case.